UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

KEET MILLER                                                              PLAINTIFF
ADC #158736

V.                    No. 2:20-CV-00191-BSM-JTR

DEXTER PAYNE, Director,
Arkansas Department of Correction, *et al.*                              DEFENDANTS

# ORDER

On June 23, 2021, Plaintiff Keet Miller ("Miller") filed a single document containing various motions, as well as a notice of his changed address. *Doc. 47*. Miller's motions will be addressed in turn.

**1. Motion for Docket Sheet**

Miller requests a copy of the docket sheet. That Motion is GRANTED. The Clerk is directed to mail Miller a copy of the docket sheet at his updated address.

**2. Motion to Lift Stay of Discovery**

After Defendants filed their Motion for Summary Judgment on the Issue of Exhaustion (*Doc. 38*), the Court entered an Order staying discovery "in this case as to all parties, with the exception of any documents or information related to Plaintiff's attempts to exhaust his administrative remedies regarding claims raised in this lawsuit." *Doc. 44 at 2*. The Court has yet to rule on the Motion for Summary Judgment, and therefore Keet's Motion to Lift Stay is DENIED.

As the Court's Order staying discovery explained, "[i]f the exhaustion issues are resolved in Plaintiff's favor, the Court will lift the stay on discovery and issue a Revised Scheduling Order setting new discovery and dispositive motion deadlines." *Doc. 44 at 2.*

### 3. Motion to Amend Complaint

Miller's Motion to Amend seeks to: (1) add a legal claim regarding Defendant Wright allegedly tasing him while he was handcuffed and Defendants Simpson, Jordan, and Love-Craft failing to intervene; and (2) modify his relief requested. Federal Rule of Civil Procedure 15 provides that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, leave to amend may appropriately be denied where there are compelling reasons such as "undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Crest Construction II, Inc. v. Doe*, 660 F.3d 346, 358–59 (8th Cir. 2011).

Because the Court has already determined that, for screening purposes, Miller can proceed with these claims against Defendants Wright, Simpson, Jordan, and Love-Craft (*See Doc. 4*), the Motion to Amend is redundant and is therefore DENIED IN PART. However, to the extent that the Motion to Amend Complaint seeks to update his request for relief, it is GRANTED IN PART.

### 4. Motion to Appoint Counsel

Miller's Motion requests the Court to appoint *him* to act as the "legal assistant" for another inmate, who has filed a separate § 1983 action. This request, which is wholly unrelated to this case, is DENIED.

### 5. Motion to Voluntarily Dismiss Defendants Payne and Budnik

Miller's Motion seeks to voluntarily dismiss Defendants Dexter Payne and Christopher Budnik because they were not named in his grievance. *Doc. 47 at 4*. This Motion to Voluntarily Dismiss Defendants Payne and Budnik is GRANTED.

All claims against Defendants Payne and Budnik are dismissed, without prejudice. The Clerk is directed to terminate Payne and Budnik as parties to this case.

IT IS SO ORDERED this 14th day of July, 2021.

_____
UNITED STATES MAGISTRATE JUDGE