## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

KEET MILLER
ADC #158736                                              PLAINTIFF

V.                      No. 2:20-cv-00191-BSM-JTR

ERICA WRIGHT, Lieutenant,
Delta Regional Unit, ADC                                DEFENDANT

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent
to United States District Judge Brian S. Miller. You may file written objections to
all or part of this Recommendation. If you do so, those objections must: (1)
specifically explain the factual and/or legal basis for your objection; and (2) be
received by the Clerk of this Court within fourteen (14) days of the date of this
Recommendation. If you do not file objections, Judge Miller can adopt this
Recommendation without independently reviewing all of the evidence in the record.
By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

*Pro se* Plaintiff Keet Miller ("Miller"), an inmate in the Varner Unit of the
Arkansas Division of Correction ("ADC"), has a pending § 1983 excessive force
claim against Defendant Lieutenant Erica Wright ("Wright") for allegedly tasing

him, on March 18, 2020, while he was hand-cuffed and posing no threat.[1] *See Docs. 2, 54 & 55.*

With discovery on-going, both parties filed Motions to Compel.[2] *Docs. 63 & 67.* On November 22, 2022, I granted both Motions to Compel. *Doc. 70.* Specifically, I directed counsel for Wright to immediately send Miller another Medical Authorization form, along with a self-addressed, postage prepaid envelope, and instructed Miller that, "[i]f he wished to proceed with this action, he *must* fully execute the Medical Authorization form and return it to Wright's counsel, in the provided postage prepaid envelope, [within] 15 days." *Id. at 3.* Importantly, the November 22 Order cautioned Miller "*that his failure to timely comply with th[e] Order may result in this action being dismissed, without prejudice.*" *Id.* (Emphasis in original) (citing Fed. R. Civ. P. 37(b)(2)).[3]

On December 12, 2022, Wright filed a Motion to Dismiss for Failure to Participate in Discovery. *Doc. 71.* According to the Motion to Dismiss, Wright fully

---

[1] All other claims asserted in Miller's Complaint were previously dismissed, without prejudice. *See Docs. 49, 54 & 55.*

[2] Wright's Motion to Compel asked the Court to direct Miller to sign a medical records disclosure authorization form ("Medical Authorization"), which he had refused to do. *Doc. 63.* Miller's Motion to Compel asked the Court to direct Wright to provide the ADC's investigation files and Wright's disciplinary report about the March 18, 2020 incident, which Wright had claimed was confidential. *Docs. 67 & 69.*

[3] The November 22 Order also directed Wright to produce to Miller all of the documents related to the investigation of Wright, for her role in the March 18, 2020 incident, and all documents related to the disciplinary sanctions or other punishment she received for her involvement. *Doc. 70 at 6.*

complied with the Court's November 22 Order, but Miller had *not* provided her with a signed Medical Authorization, and the time to do so had expired. *Id*. Miller has not filed any Response to Wright's Motion to Dismiss.

## II. Discussion

Federal Rule of Civil Procedure 37(b)(2)(A) provides, in pertinent part, that a court may dismiss an action if "a party . . . fails to obey an order to provide or permit discovery." Similarly, a court may dismiss a cause of action if a plaintiff "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b).

Miller has failed to comply with the Court's November 22 Order for him to provide an executed Medical Authorization to Wright within 15 days. *See Doc. 70*. He also failed to respond to Wright's Motion to Dismiss. Accordingly, the Court concludes that dismissal of Miller's case is warranted due to his failure to participate in discovery, respond to the Court's Order, and prosecute his case diligently.

## III.   Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Wright's Motion to Dismiss (*Doc. 71*) be GRANTED.

2.      Miller's Complaint (*Doc. 2*) be DISMISSED, WITHOUT PREJUDICE.

3.     The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 4th day of January, 2023.


_____
UNITED STATES MAGISTRATE JUDGE